JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0076-AG (MLGx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | MICHAEL ELLIOTT v. SIEMENS BUILDING TECHNOLOGIES, INC., RAED DAKAK, and DOES 1 through 25, inclusive | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**  **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the Court is the motion to remand (the "Motion") filed by plaintiff Michael Elliott ("Plaintiff"). After considering the parties' arguments, the Court GRANTS the Motion.

## BACKGROUND

Plaintiff worked for defendant Siemens Building Technologies, Inc. ("Siemens"), and defendant Raed Dakak ("Dakak") was Plaintiff's immediate supervisor. (Defendants' Opposition to Plaintiff's Motion to Remand ("Opp'n") Ex. A. ¶¶ 6-7.)

Plaintiff filed a complaint in state court, alleging breach of implied contract against Siemens, as well as violation of the Fair Employment and Housing Act ("FEHA"), Govt. Code § 12940(a), (j), and (k), against Siemens and Dakak. (Opp'n Ex. A.) Plaintiff did not include Dakak in the heading for the second cause of action. But in the body of the second cause of action, Plaintiff said:

> Government Code section 12940(j)(3) embodies fundamental, substantial, and well-established public policies of the State of California. Defendant

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0076-AG (MLGx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | MICHAEL ELLIOTT v. SIEMENS BUILDING TECHNOLOGIES, INC., RAED DAKAK, and DOES 1 through 25, inclusive | | |

>  Dakak as an employee of Siemens, DOES 1-25, and each of them, is
>  personally liable for any harassment prohibited by this section. Dakak is
>  therefore personally responsible to Plaintiff for his individual acts of
>  harassment against him.

*Id.* Ex. A. ¶ 19. In the Complaint, Plaintiff alleged that Plaintiff was a citizen of California, Dakak was a citizen of California, and Siemens was a Delaware corporation with a principal place of business in California. (Opp'n Ex. A ¶¶ 1-3.)

Siemens filed a Notice of Removal of Action to the United States District (the "Notice of Removal"). In the Notice of Removal, Siemens agreed that Plaintiff was a citizen of California and that Siemens was a Delaware corporation. (Notice of Removal ¶¶ 7, 12, 18.) But Siemens said that Siemens had its principal place of business in Illinois and that Dakak, while a citizen of California, was not a proper party to the action and was fraudulently joined by Plaintiff. (*Id.* ¶¶ 16, 18.)

## LEGAL STANDARD

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Courts employ a presumption against fraudulent joinder. *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Thus the burden of proving fraudulent joinder is a heavy one. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2005). The party arguing for fraudulent joinder must prove that the plaintiff cannot establish a cause of action against the resident or non-diverse defendant in state court. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *Briano v. Conseco Life Ins. Co.,* 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000). If there is any reasonable possibility of recovery against the defendant, then joinder is not fraudulent and remand to

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0076-AG (MLGx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | MICHAEL ELLIOTT v. SIEMENS BUILDING TECHNOLOGIES, INC., RAED DAKAK, and DOES 1 through 25, inclusive | | |

state court is required. *See, e.g., Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) ("[T]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned . . . . This possibility, however, must be reasonable, not merely theoretical.") (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

## ANALYSIS

Defendants argue that Dakak is a fraudulently joined defendant because "Plaintiff's assertions in support of his purported harassment claim provide no valid basis for imposing liability" against Dakak. (Opp'n 3:6-7.) The Court disagrees. It is true that certain causes of action under Cal. Govt. Code § 12940 can only be brought against employers and cannot be brought against non-employer individual defendants such as managers. *See, e.g., Reno v. Baird*, 18 Cal. 4th 640, 643 (Cal. Ct. App. 1998) (stating that discrimination claims under Section 12940 can only be brought against employers). But Section 12940(j)(3) is not one of those causes of action. Under this subsection:

> An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action.

Thus, a non-employer individual defendant can be liable under Section 12940(j)(3).

Defendants argue that even if a non-employer individual defendant can be liable under Section 12940(j)(3), Dakak is not liable in this case. Defendants state that "Plaintiff's purported harassment claim rests entirely on personnel management decisions," and management decisions that are necessary to a supervisor's job performance do not constitute harassment. (Opp'n 3:18-4:24.) This argument might be appropriate for a demurrer. But it does not persuade this Court that Dakak is a fraudulently-joined

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0076-AG (MLGx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | MICHAEL ELLIOTT v. SIEMENS BUILDING TECHNOLOGIES, INC., RAED DAKAK, and DOES 1 through 25, inclusive | | |

defendant. Defendants fail to satisfy their heavy burden of showing that there is no reasonable possibility of recovery against Dakak.

Because Defendants do not override the presumption against fraudulent joinder, Dakak is a proper defendant, and diversity jurisdiction does not exist.

**DISPOSITION**

The Court GRANTS the Motion.

                                                                    :   0

Initials of Preparer     lmb